
IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE

Assigned on Briefs January 18, 2017 at Knoxville

**JAMES FLOYD THOMAS v. STATE OF TENNESSEE**

**Appeal from the Circuit Court for Bedford County**
**Nos. 17825 & 17839    Forest Durard, Jr., Judge**

_____

**No. M2016-01630-CCA-R3-PC**
_____

The petitioner, James Floyd Thomas, appeals the denial of post-conviction relief from his 2014 Bedford County Circuit Court guilty-pleaded convictions of the promotion of methamphetamine manufacture and initiation of the process to manufacture methamphetamine, for which he received an effective sentence of 18 years. Because the petitioner failed to file a timely petition for post-conviction relief, the post-conviction court's order is affirmed.

**Tenn. R. App. P. 3; Judgment of the Circuit Court Affirmed**

JAMES CURWOOD WITT, JR., J., delivered the opinion of the court, in which D. KELLY THOMAS, JR., and ROBERT H. MONTGOMERY, JR., JJ., joined.

Andrew Jackson Dearing, III, Assistant District Public Defender, for the appellant, James Floyd Thomas.

Herbert H. Slatery III, Attorney General and Reporter; Renee W. Turner, Assistant Attorney General; Robert J. Carter, District Attorney General; and Michael D. Randles, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

On June 16, 2014, the petitioner entered pleas of guilty to one count of the promotion of methamphetamine manufacture in case number 17825 and to one count of the initiation of the process to manufacture methamphetamine in case number 17839, in exchange for respective four-year and 14-year sentences, to be served consecutively for a total effective sentence of 18 years' incarceration. On December 29, 2015, the petitioner filed, pro se, a petition for post-conviction relief, alleging, *inter alia*, that he was deprived of the effective assistance of counsel. In addition, the petitioner alleged that he had attempted to file a previous petition for post-conviction relief but that the "prison through

[sic] my post[-]conviction [petition] away." Following the appointment of counsel and the amendment of the petition, the post-conviction court conducted an evidentiary hearing on March 29, 2016, and entered an order denying the petition on May 2, 2016. Before addressing the merits of the petition in its order, the post-conviction court made the following findings:

> Petitioner's petition for post[-]conviction relief was filed in the office of the Bedford County Circuit Court on December 29, 2015. It appears no appellate activity was filed on [p]etitioner's behalf regarding his above plea. There is no showing when the original petition was given to prison authorities by the [p]etitioner. Tenn. Sup. Ct. R. 28 § (2)(G). Petitioner avers in his pro se petition he had filed a previous petition which was lost by prison authorities but there is no proof as to when this may have occurred. Consequently, it does not appear the petition was timely filed within 12 months after the finality of the judgments per T.C.A. § 40-30-102. . . .

> In candor, the post-conviction court did not identify the statute of limitation problem upon its initial review of the petition but only saw the same when writing the opinion. Apparently, too, all other parties either missed or ignored the same.

In this appeal, the petitioner reiterates his claim of ineffective assistance of counsel, claiming that trial counsel performed deficiently by failing "to adequately prepare, interview and call witnesses" and by failing "to set his case for trial." The State contends that the appeal should be dismissed because the petition was untimely filed and that, in any event, the court did not err by denying relief.

"[A] person in custody . . . must petition for post-conviction relief . . . within one (1) year of the date of the final action of the highest state appellate court to which an appeal is taken." T.C.A. § 40-30-102(a). "If it plainly appears from the face of the petition, . . . that the petition was not filed . . . within the time set forth in the statute of limitations, . . . the judge shall enter an order dismissing the petition. The order shall state the reason for the dismissal and the facts requiring dismissal." *Id.* § 40-30-106(b). The statute of limitations for filing a post-conviction petition is jurisdictional. *See id.* § 40-30-102(b) ("No court shall have jurisdiction to consider a petition filed after the expiration of the limitations period unless [certain statutory prerequisites are met]."). Our supreme court has held that "the one-year statutory period is an element of the right to

- 2 -

file a post-conviction petition and that it is not an affirmative defense that must be asserted by the State." *State v. Nix*, 40 S.W.3d 459, 464 (Tenn. 2001). Thus, "it is incumbent upon a petitioner to include allegations of fact in the petition establishing either timely filing or tolling of the statutory period," and the "[f]ailure to include sufficient factual allegations of either compliance with the statute or [circumstances] requiring tolling will result in dismissal." *Id.*

A petition for post-conviction relief filed outside the one-year statute of limitations may nevertheless be considered if its allegations fall within three rather narrow exceptions:

(1) The claim in the petition is based upon a final ruling of an appellate court establishing a constitutional right that was not recognized as existing at the time of trial, if retrospective application of that right is required. Such petition must be filed within one (1) year of the ruling of the highest state appellate court or the United States supreme court establishing a constitutional right that was not recognized as existing at the time of trial;

(2) The claim in the petition is based upon new scientific evidence establishing that the petitioner is actually innocent of the offense or offenses for which the petitioner was convicted; or

(3) The claim asserted in the petition seeks relief from a sentence that was enhanced because of a previous conviction and such conviction in the case in which the claim is asserted was not a guilty plea with an agreed sentence, and the previous conviction has subsequently been held to be invalid, in which case the petition must be filed within one (1) year of the finality of the ruling holding the previous conviction to be invalid.

T.C.A. § 40-30-102(b)(1)-(3). Additionally, due process principles may, in very limited circumstances, require tolling of the post-conviction statute of limitations. *See generally Seals v. State*, 23 S.W.3d 272 (Tenn. 2000); *Burford v. State*, 845 S.W.2d 204 (Tenn. 1992). To determine whether due process principles require tolling of the statute of limitations, we must determine "when the limitations period would normally have begun to run"; "whether the grounds for relief actually arose after the limitations period would

normally have commenced"; and "if the grounds are 'later arising,' determine if, under the facts of the case, a strict application of the limitations period would effectively deny the petitioner a reasonable opportunity to present the claim." *Sands v. State*, 903 S.W.2d 297, 301 (Tenn. 1995).

In the instant case, the petitioner challenged his convictions via a post-conviction petition filed in December 2015, some 17 months after the judgments became final. Although the petitioner claimed in his pro-se petition that he had previously attempted to file a petition for post-conviction relief, no proof of such a petition or the date on which he attempted to file it appears in the record. The statutory grounds for the tolling of the statute of limitations are not applicable. Moreover, due process principles do not mandate the tolling of the statute of limitations because the petitioner's claim for relief is not "later arising."

Accordingly, the post-conviction court lacked jurisdiction to consider the post-conviction petition, and, as such, the denial of the petition is affirmed.

_____
JAMES CURWOOD WITT, JR., JUDGE